IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INCORPORATED – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION (AFL-CIO) CONTAINER ROYALTY FUND, by its Trustee, David P. Hartman<br>6610 Tributary Street<br>Baltimore, Maryland 21224<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>and<br><br>RIKER MCKENZIE-EL, JR.,<br>6639 Dogwood Road<br>Gwynn Oak, MD 21207<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No.<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR INTERPLEADER

1.  This is a Complaint for Interpleader pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure.

## Jurisdiction

2.  The jurisdiction of this court is based on sections 502(a)(3) and 502(f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3) and 1132(f) ("ERISA"), and on 28 U.S.C. § 1335.

**Parties**

3. Plaintiff Steamship Trade Association of Baltimore, Incorporated – International Longshoremen's Association (AFL-CIO) Container Royalty Fund ("Container Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4. The Container Fund is a multiemployer welfare benefit plan that pays benefits to eligible participants and beneficiaries based upon the volume of container cargo that is loaded and discharged by covered employees in the Port of Baltimore.

5. The benefits are typically provided in the form of an annual royalty that is paid in or around December of each calendar year to eligible employees who meet the requirements of the plan of benefits. The Container Fund also makes a reconciliation benefit payment to such employees in or around February of each calendar year. Occasionally, special benefit distributions are made from the Container Fund.

6. Defendant Riker McKenzie-El, Jr. ("McKenzie-El, Jr.") claims to be entitled to receive certain benefits from the Container Fund as a participant. McKenzie-El, Jr. is a participant of the Container Fund as that term is defined in Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

7. Defendant United States of America ("United States"), through the Department of Treasury – Internal Revenue Service ("IRS"), claims to be entitled to the benefits the Container Fund may owe to Defendant McKenzie-El, Jr. pursuant to a Notice of Levy on Wages, Salary, and Other Income.

**Background**

8. On or around January 5, 2022, Defendant United States, through the IRS, served the Container Fund with a Notice of Levy on Wages, Salary, and Other Income.

9. Therein, the IRS indicated that Defendant McKenzie-El, Jr. owes the IRS $60,937.14 and that the IRS placed a lien on that amount.

10. Accordingly, the IRS is requiring that the Container Fund turn over to it: (1) wages and salary that have been earned by, though not paid to, Defendant McKenzie-El, Jr., as well as wages and salary earned in the future until the levy is released, and (2) Defendant McKenzie-El, Jr.'s other income that the Container Fund has now or for which it is obligated.

11. On or about February 25, 2022, the Container Fund made a reconciliation benefit payment to eligible participants of the Container Fund in the amount of $1,628.06, for which McKenzie-El, Jr. was eligible.

12. Around that time, and pursuant to the IRS's January 5, 2022 levy, the Container Fund paid the $1,628.06, benefit to the United States Department of Treasury.

13. On or about November 4, 2022, the Container Fund made a special benefit distribution to eligible participants in the amount of $3,978.45, for which McKenzie-El Jr. was eligible.

14. The Container Fund also made an annual royalty benefit distribution to eligible participants in December of 2022; McKenzie-El, Jr., however, was not eligible for that benefit distribution.

15. The Container Fund received notice from McKenzie-El, Jr. that the levy has been satisfied, and therefore, McKenzie-El, Jr. claims he is entitled to the November 4, 2022, benefit distribution made by the Container Fund.

16. Notwithstanding, Defendant IRS has not clearly indicated whether the levy against McKenzie-El, Jr. has been released.

17. The Container Fund claims no title or interest in the benefit distribution and is ready and willing to pay the benefits to the person or persons entitled thereto, but by reason of the conflicting claims of the other parties to this action, it would not be prudent for the Trustees of the Container Fund to make payment to one party when another party has made a claim to the same benefit.

### First and Only Count

18. As a participant in the Container Fund, McKenzie-El, Jr. was eligible to receive the special benefit distribution of November 4, 2022.

19. Defendant McKenzie-El Jr. has made repeated demand to the Container Fund for payment of the November 4, 2022, special benefit distribution.

20. Defendant United States has also demanded payment by of any benefit distributions for which McKenzie-El, Jr. is eligible, pursuant to its January 5, 2022, levy.

21. Plaintiff Container Fund claims no title or interest in the benefit distribution and is ready and willing to pay the benefit to the person or persons entitled thereto, but by reason of the conflicting claims of the Defendants, Plaintiff Container Fund cannot determine which of Defendants should be paid.

WHEREFORE, Plaintiff Container Fund prays:

A. That each of the Defendants be restrained from instituting action against Plaintiff Container Fund for the recovery of the November 4, 2022, special distribution;

B. That an order be entered directing Plaintiff Container Fund to pay any disputed benefits into this Court pending the resolution of the competing claims of the Defendants;

      C.      That the Defendants be required to interplead and settle among themselves any right to the benefit, and that Plaintiff Container Fund be discharged from all liability;

      D.      That Plaintiff Container Fund recover its costs and attorneys' fees;

      E.      That this Court grant such other and further relief as it may deem proper.

Date: March 22, 2023                      /s/ Corey Smith Bott
                                                Corey Smith Bott
                                                csbott@abatolaw.com
                                                Bar No. 25673
                                                Abato, Rubenstein, and Abato, P.A.
                                                809 Gleneagles Court, Suite 320
                                                Baltimore, Maryland 21286
                                                (410) 847-7036 - phone
                                                (410) 321-1419 - fax

                                                Attorneys For Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2023, I caused to be served, a copy of Plaintiff's Complaint for Interpleader, on the following parties, by electronic delivery through the Court's CM/ECF system or by first class mail, postage prepaid:

Riker McKenzie-El, Jr.
6639 Dogwood Road
Gwynn Oak, MD 21207
*Defendant*

Civil Process Clerk
U.S. Attorney's Office
District of Maryland
36 S. Charles Street 4th Fl.
Baltimore, MD 21201

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*Defendant, United States of America*

                                              /s/ Corey Smith Bott
                                              Corey Smith Bott